# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARLEASA MITCHELL, on behalf of herself and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, AND THE COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190<br><br>DEMAND FOR TRIAL BY JURY |

## I.   NATURE OF THE ACTION

1. This is a class action against Southwest Airlines, Co. ("Southwest" or "Defendant") for illegally sending false and misleading emails. Defendant uses different types of false and misleading information in email subject lines to trick consumers into opening their email and making purchases. For example, the subject line will claim: "Last Day" but at the end of the timeframe advertised, Defendant sends emails stating the "sale" has been "EXTENDED." Both email subject lines are false and misleading: Defendant never intended to only offer the sale for the initial time period advertised and planned for it to be offered for a longer period of time. Defendant has a pattern and practice of advertising fake sale extensions.

2. Defendant sends these emails with false and misleading subject lines to create the illusion of a good deal and impart a sense of urgency and induce fear in consumers that they might

COMPLAINT — 1

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

miss out on that good deal, spurring consumers to make purchases in a hurry and thereby increasing Defendant's sales revenue.

3. Defendant also uses its illusory "sales" and preplanned extensions as an excuse to send consumers additional emails purporting to notify them that a sale is being offered, is ending, or that a sale has been extended. This practice causes consumers' inboxes to become inflated with spam.

4. Defendant's practice of sending serial emails about illusory sales with imaginary time limits and fake extensions violates the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and the Washington Consumer Protection Act, RCW 19.86.

5. By sending emails with false and misleading information to Plaintiff and the Class (defined below), Defendant clogs email inboxes with false information and violates Plaintiff's and Class members' right to be free from deceptive commercial e-mails.

6. Plaintiff brings this action as a class action on behalf of persons residing in Washington who also received Defendant's false and misleading emails. Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff and Class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II. PARTIES

7. Plaintiff Karleasa Mitchell is a resident of the state of Washington, residing in King County, Washington.

8. Defendant Southwest Airlines Co. is a corporation with its principal place of business at 2702 Love Field Drive, Dallas, Texas, and is incorporated in Texas. Southwest engages in substantial business activities in Washington, including by selling airline tickets to Washington consumers from its website, flying in and out of Seattle-Tacoma International Airport, and sending the marketing emails at issue in this Complaint to consumers throughout Washington.

COMPLAINT — 2

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this civil action pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) because the amount in controversy exceeds $5,000,000 and at least one member of the class is a citizen of a different state than Defendant.

10. This Court may exercise personal jurisdiction over the out-of-state Defendant because the claims alleged in this civil action arose from, without limitation, Defendant's transmission of false and misleading commercial emails to consumers within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

11. Venue is proper under 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, namely in King County, because, at all relevant times, Plaintiff Mitchell has resided in King County and received the alleged false and misleading emails while residing in this County. Venue is also proper because Defendant has transacted business in King County, including without limitation by sending the marketing emails alleged herein to residents of King County and conducting substantial business with residents in King County.

### IV. LEGAL FRAMEWORK

12. Washington's Commercial Electronic Mail Act (CEMA) regulates deceptive email marketing.

13. CEMA prohibits sending an email advertisement to a Washington resident that "[c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b). A violation of this prohibition is an unfair or deceptive act that occurs in trade or commerce and violates the public interest under the Consumer Protection Act. RCW 19.190.030(3).

14. "CEMA's prohibition on sending commercial e-mails with false or misleading subject lines . . . creates a substantive right to be free from deceptive commercial e-mails." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019) (holding that the plaintiff

COMPLAINT — 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sufficiently pleaded concrete injury-in-fact for alleged CEMA violations based on her receipt of marketing emails from the defendant containing allegedly false "xx% off" statements in the subject line). Washington courts have held that "[t]he harms resulting from deceptive commercial e-mails resemble the type of harms remedied by nuisance or fraud actions." *Id.* at 1008.

15. An injury occurs anytime a commercial e-mail is transmitted that contains false or misleading information in the subject line. *Id.* at 1011.

16. Under CEMA, it is irrelevant whether misleading commercial e-mails were solicited. *Id.*

17. CEMA creates a private right of action for injunctive relief for people who receive commercial emails with subject lines containing false or misleading information. RCW 19.190.090(1). A plaintiff who successfully alleges and proves such a violation may obtain, among other things, an injunction against the person who initiated the transmission. RCW 19.190.090(1). *Wright v. Lyft, Inc.*, 189 Wash.2d 718, 728 n.3 (2017) ("we note that a plaintiff may bring an action to enjoin any CEMA violation.").

18. It is a violation of the Consumer Protection Act (RCW 19.86 *et seq*.) to send or conspire with another person to send an email that contains false or misleading information in the subject line. RCW 19.190.030(1); *see also* RCW 19.190.030(2) (providing "that the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. The Legislature declared that a violation of section 030 is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.").

19. Damages for a violation of the prohibition on sending an email with false or misleading information in the subject line are $500 or actual damages, whichever is greater. RCW 19.190.040.

COMPLAINT — 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

20. To establish a violation of Washington's Consumer Protection Act ("CPA"), a claimant must establish five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 533 (1986). Washington and federal courts have held that a plaintiff states a CPA claim solely by alleging a violation of the CEMA. *See State v. Heckel*, 143 Wash.2d 824, 24 P.3d 404, 407 (2001) ("RCW 19.190.030 makes a violation of [CEMA] a per se violation of the [CPA]."). Indeed, by alleging a CEMA violation of RCW 19.190.020, a plaintiff alleges all five elements of a CPA violation. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1065 (9th Cir. 2009) (citing *Hangman Ridge*, 719 P.2d at 535–37); *Wright*, 406 P.3d at 1155 ("We conclude that RCW 19.190.040 establishes the injury and causation elements of a CPA claim as a matter of law.").

## V. FACTUAL ALLEGATIONS

**A. Defendant initiates (or conspires to initiate) the transmission of commercial e-mails with false or misleading subject lines.**

21. Defendant has initiated (or conspired with its marketing companies to initiate) the transmission of dozens of commercial electronic mail messages with false or misleading subject lines to Plaintiff and the Class. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

22. Defendant sent the emails for the purpose of promoting its goods for sale.

23. The emails were sent at Defendant's direction and were approved by Defendant.

24. Defendant uses sales that are purportedly limited in nature to send more emails to consumers than it otherwise might. Defendant commonly sends marketing emails every day, many of them advertising sales that are purportedly ending or being extended. For example, Defendant will send emails (i) when a limited time sale starts, (ii) while the sale is ongoing, (iii) when the

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sale is close to ending, (iv) when the sale is (purportedly) in its final hours, and (v) when the sale has been "extended" or renewed. When several emails contain the same false and misleading information, the emails clog up inboxes with spam and waste limited data space.

25. Defendant violates CEMA because many of the statements in the email subject lines that are intended to seduce consumers into opening the email and/or making a purchase are false and misleading on several fronts. There are numerous examples of Defendant's emails that can be shown to have false and misleading information in the subject lines. While there are too many examples to include them all here, the facts alleged below show the types of false and misleading email subject lines Defendant routinely deploys.

**1. Defendant sends emails advertising in subject lines that a sale is "extended," but Defendant always planned to continue the sale during the purported "extension."**

26. Defendant misrepresents how long it is offering a sale by sending emails with subject lines stating that a sale has been "extended." Discovery will show that Defendant's employees did not gather at the end of the planned sale and determine that the sale should be extended. Instead, the sale was always planned to continue, and the advertised "extension" is fake.

27. For example, Defendant sent the following emails to Plaintiff advertising a sale that would end on February 20, 2025, but thereafter sent another email on February 21, 2025, saying the sale was extended:

| Date | Email Subject Line |
|---|---|
| Feb. 18, 2025 | Wanna earn Promotional Companion Pass |
| Feb. 20, 2025 | LAST DAY Earn Promotional Companion Pass easy as 1,2,3! |
| Feb. 21, 2025 | EXTENDED: Promotional Companion Pass® offer ends today, so register now! |

28. The subject line of the email Defendant sent on February 20, 2025 stating "LAST DAY Earn Promotional Companion Pass easy as 1,2,3!" was false and misleading because

Defendant knew (or should have known) at the time that February 20, 2025 was not the final day of the sale and, instead, that the sale would be extended on February 21, 2025. Likewise, the February 21, 2025 email stating "**EXTENDED**: Promotional Companion Pass® offer ends today, so register now!" was false and misleading because the sale was not actually extended on that day, Defendant always planned for the sale to continue until February 21, 2025.

**B.   Defendant Sends commercial emails to consumers whom it knows, or has reason to know, reside in Washington.**

29.   Defendant sent the misleading commercial emails to email addresses that Defendant knew, or had reason to know, belonged to Washington residents, either because (i) Defendant had a physical Washington address that was associated with the recipient; (ii) Defendant had access to data regarding the recipient indicating that they were in Washington; or (iii) information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

30.   First, for any person that buys airline tickets from Defendant, Defendant associates that person with a billing address and shipping address.

31.   Second, discovery will show that Defendant employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Defendant's social medial advertising and marketing emails, including by identifying their physical location. For example, discovery will also show that Defendant gathers information such as geocoordinates and IP addresses from individuals who click on links in Defendant's commercial emails, and that Defendant can use such information to determine whether the recipient is in Washington.

32.   Third, Defendant also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Defendant's marketing emails and that visit its website. For example, Defendant has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram

COMPLAINT — 7

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

users that visit Defendant's website—information that can be associated with the data collected by Meta on where consumers reside. Defendant also employs tracking technologies provided by other companies, such as Google, Inc., that may be able to locate consumers in the state of Washington.

33. Lastly, Defendant also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its presence in the State and the volume of marketing emails it sends to people around the country. *See Heckel*, 122 Wash. App. at 6 (holding as a matter of law that a defendant had a reason to know that he sent emails to Washington residents by sending over 100,000 emails a week to people around the country).

34. Discovery will show that, at the time it sent the emails with false and misleading subject lines, Defendant had access to the data described above regarding the location of consumers in Washington to whom it sent the emails.

C. **Defendant initiated (or conspired to initiate) the transmission of illegal emails to Plaintiff.**

35. At all times relevant to this Complaint, Plaintiff resided in the State of Washington.

36. Plaintiff Mitchell received emails from Defendant at a gmail email address. Plaintiff has received over one hundred emails from Defendant since at least 2023.

37. Defendant knows, or has reason to know, that Plaintiff's email address is held by a King County, Washington resident. Plaintiff visited Defendant's website from her electronic devices located in Washington and has clicked on links contained in Defendant's emails on her phone while in Washington. Plaintiff has further completed at least one purchase from Defendant's website and provided a Washington address at checkout that is associated with their email address by Defendant.

38. Defendant sent emails with false and misleading subject lines to Plaintiff for the purpose of promoting Defendant's goods for sale.

39. Defendant initiated the transmission or conspired to initiate the transmission of these commercial electronic mail messages to Plaintiff.

40. Plaintiff does not want to receive emails with false and misleading subject lines from Defendant, though she would like to continue receiving truthful information from Defendant regarding its products. However, due to Defendant's conduct, Plaintiff cannot tell based on Defendant's email subject lines, many of which are false or misleading, which of Defendant's emails she actually wants to open.

## VI.     CLASS ACTION ALLEGATIONS

41. <u>Class Definition</u>. Plaintiff brings this case as a class action under Civil Rule 23(b)(3), on behalf of a Class defined as:

> All persons[1] who, while a Washington resident, received an email from or at the behest of Defendant that contained a subject line stating that (1) a sale, discount, price, or other offer is being extended, when Defendant planned to offer the sale, discount, price, or other offer through the extension period advertised; (2) the consumer is being granted "early" access, but in fact the sale was accessible to everyone at the same time; (3) a sale, discount, price, or other offer is starting but it had in fact already been on offer; or (4) a sale, discount, price, or other offer is time limited or ending when Defendant continued to offer the sale, discount, price, or other offer for a longer period of time.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

42. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. The Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

43. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. The common questions of law and fact include, but are not limited to:

---

[1] As that term is defined in RCW 19.190.010(11) and RCW 19.86.010(a)

a. Whether Defendant sent commercial electronic mail messages with false and misleading information in the subject lines;

b. Whether Defendant initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

c. Whether a violation of RCW 19.190.020 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq*.;

d. Whether Plaintiff and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful emails in the future; and

e. The nature and extent of Class-wide injury and damages.

44. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

45. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and class actions involving violations of CEMA. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

46. <u>Predominance</u>. Defendant has a standard practice of initiating or conspiring to initiate commercial electronic mail messages to email addresses of Washington residents. The common issues arising from this conduct predominate over any individual issues. Adjudication of these issues in a single action has important and desirable advantages of judicial economy.

47. <u>Superiority</u>. Plaintiff and members of the Class have been injured by Defendant's unlawful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or

piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendant's records and there will be no significant difficulty in the management of this case as a class action.

48. <u>Injunctive Relief</u>. Defendant's conduct is uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff further alleges, on information and belief, that the emails described in this Complaint are substantially likely to continue in the future if an injunction is not entered.

## VII.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**(Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq*.)**

49. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

50. Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

51. Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

52. Defendant initiated the transmission or conspired to initiate the transmission of one or more commercial electronic mail messages to Plaintiff and proposed Class members with false or misleading information in the subject line.

53. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

54. Defendant's acts and omissions injured Plaintiff and proposed Class members.

55. The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading. Absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

56. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**SECOND CLAIM FOR RELIEF**

**(*Per se* violation of Washington's Consumer Protection Act, RCW 19.86 *et seq*.)**

57. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58. Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

59. Defendant violated the CEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Plaintiff and Class members that contains false or misleading information in the subject line.

60. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, et seq. RCW 19.190.030.

61. A violation of the CEMA establishes all five elements of the CPA as a matter of law.

62. Defendant's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

63. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

64. Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

65. Defendant engaged in a pattern and practice of violating the CEMA. As a result of Defendant's acts and omissions, Plaintiff and Class members have sustained damages, including $500 in statutory damages for each email that violates the CEMA. The full amount of damages will be proven at trial. Plaintiff and Class members are entitled to recover treble damages, together with reasonable attorneys' fees and costs, under RCW 19.86.090.

66. Under the CPA, Plaintiff and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, requests judgment against Defendant as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff as Class Representative.

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court should grant declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to engage in the unlawful conduct described in this Complaint;

E. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the CEMA;

F. That Defendant be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class;

COMPLAINT — 13

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

G.   That Plaintiff and all Class members be awarded statutory damages in the amount of $500 for each violation of the CEMA, and treble damages under RCW 19.190.020(1)(b) and RCW 19.86.090;

H.   That the Court enter an order awarding Plaintiff's reasonable attorneys' fees and costs; and

I.   That Plaintiff and all Class members be granted other relief as is just and equitable under the circumstances.

### IX.   TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Beth E. Terrell*
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com

By: */s/ Jennifer Rust Murray*
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com

By: */s/ Blythe H. Chandler*
    Blythe H. Chandler, WSBA #43387
    Email: bchandler@terrellmarshall.com

By: */s/ Eden B. Nordby*
    Eden B. Nordby, WSBA #58654
    Email: enordby@terrellmarshall.com

936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

E. Michelle Drake, *Pro Hac Vice Forthcoming*
Email: emdrake@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5933

COMPLAINT     14     **Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Facsimile: (612) 584-4470

Mark B. DeSanto, *Pro Hac Vice Forthcoming*
Email: mdesanto@bm,net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3046
Facsimile: (215) 875-4604

Colleen Fewer, *Pro Hac Vice Forthcoming*
Email: cfewer@bergermontague.com
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 376-2097

*Attorneys for Plaintiff*

COMPLAINT — 15

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com